United States District Court
Southern District of Texas
**ENTERED**
August 26, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Glen Lee Hayward, Jr., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-5054 |
| | § | |
| Harris County Jail, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER ON DISMISSAL

Plaintiff Glen Lee Hayward, Jr. (SPN # 02610719) is currently detained in the Harris County Jail. Doc. 1 at 1. He has filed a prisoner civil-rights complaint under 42 U.S.C. § 1983, suing (1) the Harris County Jail, (2) the Houston Police Department, (3) Detention Officer Estes, (4) Detention Officer Emo Agege, and (5) Detention Officer Alexander. *Id.* at 1, 3. Plaintiff has filed an application to proceed without prepaying fees or costs. Doc. 2. For the reasons set forth below, Plaintiff's application to proceed without prepaying fees or costs is DENIED, and this case is DISMISSED WITHOUT PREJUDICE.

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, a prisoner may not file a civil action without prepaying the filing fee, unless the prisoner shows imminent danger, if he has, on three or more prior occasions, filed a prisoner action in federal district court or an appeal in a federal court of appeals that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). To fit within the exception, a prisoner

must demonstrate that imminent danger of serious physical injury exists at the time he seeks to file the complaint. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam). The threat of harm must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). Unsupported or conclusory claims of imminent danger are insufficient to satisfy the exception found in § 1915(g). *See id.* at 331; *McClure v. Livingston*, No. 5:12-cv-56, 2012 WL 5987408, at *2 (E.D. Tex. Nov. 29, 2012) (Gilstrap, J.) ("The mere recitation of the phrase 'imminent danger' or 'my life is in danger' does not invoke the exception to Section 1915(g).").

Plaintiff is a "three-strikes" inmate who is barred under § 1915(g) from proceeding without prepaying the filing fee. *See Hayward v. Harris County. Jail, et al.*, No. 4:24-cv-1327 (S.D. Tex. May 21, 2024) (dismissed as frivolous); *Hayward v. Gonzalez, et al.*, No. 4:24-cv-4586 (S.D. Tex. Dec. 4, 2024) (dismissed as frivolous and malicious); *Hayward v. Houston Police Department, et al.*, No. 4:24-cv-4888 (S.D. Tex. Dec. 17, 2024) (dismissed without prejudice under § 1915(g)); *Hayward v. Roberson, et al.*, No. 4:24-cv-4950 (S.D. Tex. Jan. 13, 2025) (dismissed without prejudice under § 1915(g)); *Hayward v. Gonzalez*, No. 4:24-cv-385 (S.D. Tex. May 10, 2024) (dismissed for failure to state a claim); *Hayward v. Gonzalez*, No 4:24-cv-5013 (S.D. Tex. Feb. 18, 2025) (dismissed without prejudice under § 1915(g)).

The "imminent danger" exception does not apply. In this lawsuit, Plaintiff alleges that, on or about June 15, 2026, Detention Officer Estes informed Plaintiff the water was contaminated, and Plaintiff was not served any drinking water with dinner. Doc. 1 at 4. He also alleges that, on or about June 16, 2026, Detention Officer Emo Agege put Plaintiff in

his cell after three other inmates "tried to jump on [him]," and Plaintiff was charged for refusing to obey an order. *Id.* Finally, Plaintiff alleges that, on June 18, 2026, Detention Officer Alexander put Plaintiff in his cell for asking for soap, and Plaintiff was charged with threatening jail staff. *Id.* Plaintiff's allegations do not plead facts showing that he is in any immediate danger of serious physical harm which would warrant waiver of the fee requirement. Thus, he is not eligible to proceed without prepaying the full filing fee. His case is dismissed as barred by § 1915(g).

Therefore, the Court ORDERS the following:

1. Plaintiff's application to proceed without prepaying fees or costs is DENIED. Doc. 2.
2. Any remaining motions are DENIED AS MOOT.
3. This civil action filed by Plaintiff Glen Lee Hayward, Jr. is DISMISSED WITHOUT PREJUDICE as barred by 28 U.S.C. § 1915(g).
4. Plaintiff may re-file his lawsuit or move to reinstate within 30 days if he pays the full amount of the filing fee for a civil action ($405.00).

The Clerk of Court will provide a copy of this Order to Plaintiff. The Clerk will also provide a copy of this Order to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 26th of August, 2026.

Nicholas J. Ganjei
United States District Judge